UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| COOPER-STANDARD AUTOMOTIVE, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>SFC SOLUTIONS CZESTOCHOWA SP. Z.O.O.,<br>SFC-SOLUTIONS PIOTRKOW SP. Z.O.O.,<br>SFC SOLUTIONS SPAIN BORJA S.L.,<br>SFC SOLUTIONS ITALY S.R.L.,<br>SFC SOLUTIONS INDIA SEALING PRIVATE LIMITED, and<br>SFC SOLUTIONS INDIA FLUID PRIVATE LIMITED,<br><br>*Defendants*. | Case No. 4:22-cv-12126- FKB<br><br>Hon. F. Kay Behm, USDJ |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants SFC Solutions Czestochowa Sp. z.o.o., SFC-Solutions Piortkow Sp. z.o.o., SFC Solutions Spain Borja S.L., SFC Solutions Italy S.R.L., SFC Solutions India Sealing Private Limited and SFC Solutions India Fluid Private Limited (collectively, the "SFC Defendants"), by and through their undersigned counsel, hereby answer the Complaint of Plaintiff Cooper-Standard Automotive,

1

Inc. ("CSA"), originally filed in the Circuit Court for the County of Wayne (Michigan) and removed to this U.S. District Court for the Eastern District of Michigan on September 8, 2022.

Nothing in this response to the present Complaint should be construed as an admission that this Court has personal jurisdiction over any of the SFC Defendants, or waiver of their assertion that the Court lacks personal jurisdiction over them in this matter. The SFC Defendants filed a Motion To Dismiss based on lack of personal jurisdiction, which the Court denied. The SFC Defendants have now filed a Motion To Certify the Court's decision for interlocutory appeal, and have sought a stay of proceedings accordingly, with the exception of this answer. The SFC Defendants requested that Plaintiff consent to an extension of time for the filing of the present Answer and Affirmative Defenses until the Court renders its decision on that motion, which Plaintiff denied. As such, because the deadline for the SFC Defendants to respond to the Complaint is June 27, 2023, they are filing this Answer and Affirmative Defenses to avoid having a default entered against them. In the event the Court refuses the motion to certify (or the Court's order is affirmed on appeal), the SFC Entities reserve the right to amend the answer to assert counterclaims.

## INTRODUCTION

1. The SFC Defendants deny the allegations in Paragraph 1 of the Complaint insofar as those allegations pertain to the SFC Defendants or any of them. Without limitation, SFC Defendants deny that they, or any of them, have "willful[ly] breach[ed]" License Agreements with CSA, or that these agreements obligate them to pay "a royalty equal to 3% of sales of all products made in the SFC Defendants' facilities". To the extent a further response to the allegations in Paragraph 1 of the Complaint is necessary, denied.

2. The SFC Defendants admit that they were acquired by the private equity firm Mutares SE & Co. KGAA ("Mutares") from CSA on July 1, 2020, and that CSA paid Mutares €9,000,000 in connection with the transaction. The SFC Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint, and therefore deny them.

3. The SFC Defendants admit that, on or about the time of their acquisition by Mutares, CSA required them to sign the License Agreements. As to the remaining allegations in Paragraph 3 of the Complaint, the respective License Agreements speak for themselves. To the extent that further response to the allegations in Paragraph 3 of the Complaint is necessary, the SFC Defendants lack knowledge and

3

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint, and therefore deny them.

4. The SFC Defendants deny they have breached the License Agreements with CSA, insofar as the payments alleged by CSA to be due are not required by the License Agreements. The SFC Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5. The SFC Defendants admit that Paragraph 5 of the Complaint identifies the claims purportedly brought against them by CSA, which the SFC Defendants expressly deny. To the extent that further response to the allegations in Paragraph 5 of the Complaint is necessary, the SFC Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint, and therefore deny them.

## PARTIES

6. The SFC Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore deny them.

7. The SFC Defendants admit the allegations in Paragraph 7 of the Complaint.

8. The SFC Defendants admit the allegations in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. The SFC Defendants admit that Paragraph 9 of the Complaint identifies Section 600.605 of Michigan Compiled Laws ("M.C.L.") pertaining to subject matter jurisdiction in the Circuit courts. In light of this matter having been removed to federal court, the SFC Defendants deny that the M.C.L. sections are relevant. To the extent that a further response to the allegations in Paragraph 9 of the Complaint is necessary, the SFC Defendants deny the remaining allegations in Paragraph 9.

10. The SFC Defendants admit that Paragraph 10 of the Complaint identifies Section 600.715 as the section of M.C.L. pertaining to limited personal jurisdiction over corporations. The SFC Defendants deny that this Court has personal jurisdiction over any of them, either under the relevant section, or under applicable federal case law. To the extent a further response to the allegations in Paragraph 10 of the Complaint is necessary, the SFC Defendants deny the remaining allegations in Paragraph 10.

11. The SFC Defendants admit that Paragraph 11 of the Complaint identifies Section 600.1621(b) as the section of M.C.L. pertaining to venue. The SFC Defendants deny that venue is proper in this Court. The SFC Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12. The SFC Defendants admit that Paragraph 12 of the Complaint identifies Sections 600.8031 and 600.8035 as the sections of M.C.L. pertaining to

business or commercial disputes and jurisdiction of Michigan Business Courts. In light of this matter having been removed to federal court, the SFC Defendants deny that these sections are relevant. The SFC Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

## STATEMENT OF FACTS

13. The SFC Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore deny them.

14. The SFC Defendants admit the allegations in Paragraph 14 of the Complaint.

15. The SFC Defendants admit that they operate facilities in Poland, Spain, Italy and India. The SFC Defendants deny that each of them relies on all the alleged CSA IP (as defined by CSA in the complaint) in the operation of their businesses. The SFC Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint, and therefore deny them.

16. The SFC Defendants deny that each of them uses the CSA IP (as defined in the complaint), and/or that the items described in Paragraph 16(a)-(g) of the Complaint comprise intellectual property of CSA used by CSA in their respective businesses. The SFC Defendants lack knowledge and information sufficient to form

a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint, and therefore deny them.

17.  The SFC Defendants admit that they were acquired by Mutares from CSA on July 1, 2020, and that CSA paid Mutares €9,000,000 in connection with the transaction. The SFC Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint, and therefore deny them.

18.  The SFC Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore deny them.

19.  The SFC Defendants admit that a License Agreement between CSA and each of them as a counterpart was required by CSA as part of the acquisition by Mutares, and that attached as Exhibits A through C to the Complaint are copies of License Agreements naming:

   a. the entities that became SFC Solutions Czestochowa Sp. z.o.o., SFC-Solutions Piortkow Sp. z.o.o. and SFC Solutions Spain Borja S.L., on the one hand, and CSA on the other hand;

   b. the entity that became SFC Solutions Italy S.R.L., on the one hand, and CSA on the other hand; and

7

    c. the entities that became SFC Solutions India Sealing Private Limited and SFC Solutions India Fluid Private Limited, on the one hand, and CSA on the other hand.

As to the remaining allegations in Paragraph 19 of the Complaint, the respective License Agreements speak for themselves. To the extent a further response is necessary, the SFC Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint, and therefore deny them.

    20.    The SFC Defendants deny that CSA IP covered by the License Agreements is integral to the manufacture of products made at one or more of the SFC Defendants' facilities after the acquisition by Mutares. As to the allegations in Paragraph 20 of the Complaint referring to the License Agreements, they speak for themselves. The SFC Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint, and therefore deny them.

    21.    The SFC Defendants admit that the License Agreements attached to the Complaint as Exhibits A-C, include A Schedule B, which speak for themselves. To the extent further response to Paragraph 21 is required, the SFC Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint, and therefore deny them.

22. The SFC Defendants assert that they sent a letter to CSA dated April 15, 2021, the contents of which speak for themselves. To the extent further response is required, the SFC Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

23. The SFC Defendants admit that they received correspondence from CSA dated May 5, 2021. The SFC Defendants also admit that Exhibit D to the Complaint is a copy of the May 5, 2021, letter received from CSA. As for the remainder of the allegations in Paragraph 23 of the Complaint, the May 5, 2021, letter attached as Exhibit D speaks for itself. To the extent further response is necessary, The SFC Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint, and therefore deny them.

24. The SFC Defendants assert that they responded to CSA's May 5, 2021, letter by letter dated Jun 4, 2021. The SFC Defendants also admit that Exhibit E to the Complaint is a copy of the June 4, 2021, letter sent to CSA, the contents of which speak for themselves. To the extent any further response is required, the SFC Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

25. The SFC Defendants assert they have not provided a Royalty Report to CSA since the Report included with their June 4, 2021, letter to CSA, insofar as none

is required by the License Agreements. The SFC Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

26. The SFC Defendants assert that their total aggregate sales of products for the second half of 2020 was approximately €90,000,000. The SFC Defendants deny that those sales result in a royalty due to CSA of at least $3 million for the last two quarters of 2020. The remaining allegations in Paragraph 26 of the Complaint are speculative, to which no response is required. To the extent a response is necessary, the SFC Defendants deny the remaining allegations in Paragraph 26 of the Complaint. Without limitation, the SFC Defendants deny that they owe CSA an annual royalty ("revenue") payment of "at least $6.6 million" under any of the License Agreements.

## COUNT I: BREACH OF CONTRACT

27. The SFC Defendants incorporate each of the preceding paragraphs of their Answer as if fully set forth herein.

28. The SFC Defendants admit the allegations in Paragraph 28 of the Complaint.

29. The SFC Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore deny them.

30. The SFC Defendants deny each of the allegations in Paragraph 30 of the Complaint. Without limitation, the SFC Defendants deny they have breached any provision of any of the License Agreements.

31. The SFC Defendants deny they have breached any provision of any of the License Agreements. The SFC Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Complaint, and therefore deny them.

32. The SFC Defendants deny each of the allegations in Paragraph 32 of the Complaint. Without limitation, the SFC Defendants deny they are liable to CSA, under the License Agreements, for alleged default interest or CSA's alleged costs.

## COUNT II: DECLARATORY JUDGMENT

33. The SFC Defendants incorporate each of the preceding paragraphs of their Answer as if fully set forth herein.

34. The SFC Defendants admit the allegations in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint paraphrases CSA's contentions concerning the obligations of the various SFC Defendants under the License Agreements, the entirety of which the SFC Defendants deny above. No response is required to this paraphrasing of CSA's contentions and legal arguments; however, to the extent that a response is necessary, the SFC Defendants deny and/or lack

knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and therefore deny them.

36. Paragraph 36 of the Complaint contains CSA's speculation as to the contentions of the SFC Defendants relating to their payment obligations under the License Agreements; the correspondence speaks for itself. No response is required to this speculation as a matter of fact; however, to the extent a response is necessary, the SFC Defendants assert that they deny the allegations of the Complaint and that they owe royalties or any disclosure to CSA.

37. The SFC Defendants admit that Paragraph 37 of the Complaint identifies the Michigan Court Rule ("Mich. Ct. R.") pertaining to declaratory judgments in the courts of the State of Michigan. In light of this matter having been removed to federal court, the SFC Defendants deny that Mich. Ct. R. 2.605 controls CSA's entitlement to declaratory judgment in this Court, or otherwise is relevant to this matter.

38. Paragraph 38 asserts a legal conclusion, as to which no response is required. Nevertheless, to the extent a response is required, in the event CSA continues to maintain its position concerning royalties due under the License Agreements, the SFC Defendants admit only that a declaratory judgment would resolve the controversy between CSA and the SFC Defendants concerning the parties respective rights and obligations under the various License Agreements.

## AFFIRMATIVE DEFENSES

Based on the allegations pleaded by CSA above, the SFC Defendants assert that the complaint fails to state a cause of action as to which relief may be granted. To the extent the complaint asserts a cause of action as to which relief may be granted, the SFC Defendants assert the below affirmative defenses.

The SFC Defendants plead the following defenses in response to CSA's allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, the SFC Defendants specifically reserve all rights to allege additional defenses.

1. The Complaint fails to state a claim upon which relief can be granted.

2. This Court lacks personal jurisdiction over each of the SFC Defendants.

3. Each of the SFC Defendants has fully performed its obligations (or is excused from such obligations) under the relevant License Agreement with CSA.

4. The License Agreements, to the extent they are construed as alleged by CSA, are void, voidable, and/or unenforceable.

5. The SFC Defendants reserve all additional defenses under the Federal Rules of Civil Procedure and any other legal and equitable defenses that may exist now or be available in the future.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), the SFC Defendants demand a trial by jury as to all claims, defenses, and other issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, the SFC Defendants respectfully request that the Court, upon final hearing of this matter, grant the following relief against Plaintiff CSA:

a. Dismissing CSA's Complaint with prejudice;

b. Declaring that CSA is not entitled to any of the relief requested in the Complaint;

c. Declaring that each of the SFC Defendants has fulfilled its obligations (or is excused from any such obligations) under the relevant License Agreements;

d. Awarding the SFC Defendants their costs, including reasonable attorneys' fees, incurred in defending this action, pursuant to Section 8.1(ii) of the respective License Agreements; and

e. Awarding the SFC Defendants such other relief as the Court deems just and proper.

        Respectfully submitted,

        FRIED SAPERSTEIN SAKWA, PC

June 27, 2023

        By:  */s/ Bryan Marcus*
             Harold Fried (P13711)
             Bryan D. Marcus *Of Counsel (P47125)
             150 W. 2nd St. Suite 150
             Royal Oak, MI 48067
             (248) 353-6500
             (248) 320-1071 - direct
             Email: Bmarcus.x@gmail.com

             *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on June 27, 2023 he served a copy of the foregoing:

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

on counsel of record for plaintiff via electronic mail, addressed as follows:

>Steven M. Ribiat
>BROOKS WILKINS SHARKEY & TURCO, PLLC
>401 S. Old Woodward
>Suite 400
>Birmingham, MI 48009
>248−971−1718
>Fax: 248−971−1801
>Email: ribiat@bwst−law.com
>
>Lena Shapiro
>CHAPMAN SPINGOLA LLP
>190 South LaSalle Street, Suite 3850
>Chicago, IL 60603
>312-606-8641
>Fax: 312-630-9233
>Email: lshapiro@chapmanspingola.com
>
>Peter M Spingola
>CHAPMAN SPINGOLA, LLP
>190 South LaSalle Street, Suite 3850
>Chicago, IL 60603
>312-630-9202
>Email: pspingola@chapmanspingola.com
>
>Robert J Shapiro
>LAW OFFICE OF ROBERT SHAPIRO
>94 Green Street
>Jamaica Plain, MA 02130

        617-522-7597
        Fax: 617-249-1877
        Email: comlawjp@gmail.com

*Attorneys for Plaintiff*

June 27, 2023                                                        */s/Bryan Marcus*