UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| COOPER-STANDARD AUTOMOTIVE, INC., | Case No. 22-12126 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| SFC SOLUTIONS CZESTOCHOWA SP. Z.O.O., SFC-SOLUTIONS PIOTRKOW SP. Z.O.O., SFC SOLUTIONS SPAIN BORJA S.L., SFC SOLUTIONS ITALY S.R.L., SFC SOLUTIONS INDIA SEALING PRIVATE LIMITED, and SFC SOLUTIONS INDIA FLUID PRIVATE LIMITED, | |
| Defendants. | |
| _____/ | |

**ORDER GRANTING DEFENDANTS' MOTION TO CERTIFY
ECF No. 22 FOR INTERLOCUTORY APPEAL (ECF No. 25)**

On June 16, 2023, this court entered an order denying Defendants' motion to dismiss for lack of personal jurisdiction. (ECF No. 22). Defendants now seek to certify this denial for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay the case pending appeal. (ECF No. 25). Pursuant to Eastern District of Michigan Local Rule 7.1, the court will decide this motion without a hearing. E.D. Mich. LR 7.1(f). For the reasons stated below, the court **GRANTS** Defendants' motion.

1

**I.     BACKGROUND**

The key facts of this case involve allegations that Defendants, all foreign corporations, breached a series of license agreements by refusing to provide complete information about their quarterly sales and failing to pay required royalties to Plaintiff.  (ECF No. 1).  The relevant background was set forth in the court's June 13, 2023 order on Defendants' motion to dismiss, and the court adopts that background as if it were fully set forth here. (*See* ECF No. 22, PageID.993-94).  In the June 13, 2023 order, the court denied Defendants' motion to dismiss and found that Plaintiff had carried their "relatively slight" burden to establish personal jurisdiction over each of the Defendants.  *Id.*, PageID.1005 (citing *Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007)).  Defendants now challenge that conclusion and argue that interlocutory appeal on the issue of personal jurisdiction is appropriate.  (*See* ECF No. 25). Plaintiff filed a response on July 12, 2023 in which they disagree with Defendants' motion and argue that an interlocutory appeal is not warranted.  (ECF No. 29). Defendants filed their reply to Plaintiff's response on August 2, 2023.  (ECF No. 31).  Additionally, Defendants filed a separate motion on June 27, 2023 seeking to stay litigation pending the court's ruling on this motion and certification of ECF No. 22 for interlocutory appeal.  (ECF No. 26).

## II. STANDARD OF REVIEW

Generally, 28 U.S.C. § 1291 allows for appeals only from "final decisions of the district courts of the United States." However, pursuant to 28 U.S.C. § 1292(b), a district court may permit a party to file an appeal of a non-final order if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The moving party bears the burden to show that each requirement of § 1292(b) is satisfied. *In re Flint Water Cases*, 627 F. Supp. 3d 734, 737 (E.D. Mich. 2022) (citing *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013)). The district court must then "expressly find in writing that all three § 1292(b) requirements are met. *Id.* (citing *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)). It is generally noted that interlocutory appeals are to be permitted "only in exceptional circumstances." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *Kraus v. Bd. of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966) ("Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional circumstances where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open

the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.").

### III. ANALYSIS

Defendants' motion argues: (1) personal jurisdiction is a controlling issue because an alternate finding could dismiss this case in its entirety; (2) there is substantial ground for difference of opinion in whether the Defendants availed themselves of doing business in Michigan, particularly in light of a potential disagreement between *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) and *Calphalon Corp. v. Rowlette*, 228 F.3d 718 (6th Cir. 2000); and (3) an interlocutory appeal would materially advance the termination of the case, especially if an appeal found the court could not exercise personal jurisdiction over Defendants. (ECF No. 25). The court will address each prong of the test in turn.

    A.    <u>Existence of a Controlling Issue of Law</u>

In determining whether to certify an issue for interlocutory appeal, it must first be found that the relevant issue is "controlling." 28 U.S.C. § 1292(b). The Sixth Circuit has generally set a low bar for determining that a question of law is "controlling" in the context of a motion for certification under § 1292(b), and it must only be shown that the question could "materially affect the outcome of the case." *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 875-76 (E.D. Mich.

2012); *see also In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990), *vacated on other grounds by* 937 F.2d 44 (1991) ("the resolution of an issue need not necessarily terminate an action" or "have precedential value for a number of pending cases" to be "controlling"); *Arizona v. Ideal Basic Indus. (In re Cement Antitrust Litigation)*; 673 F.2d 1020, 1026 (9th Cir. 1981) ("all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court.")).

In this case, Defendants argue "if the Sixth Circuit should find that personal jurisdiction over the SFC Entities is improper, the case would be dismissed, altering its outcome dramatically." (ECF No. 25, PageID.1052).  Plaintiff does not appear to contest that a finding of personal jurisdiction is a controlling question of law in this case. (*See* ECF No. 29; ECF No. 31, PageID.1107).  The court agrees. The question of whether the court can exercise personal jurisdiction over each of the Defendants could have a significant impact on the outcome of this case.  As Defendants properly stated, if the Sixth Circuit were to reverse this court's finding, it would result in dismissal.  *See* Fed. R. Civ. P. 12(b)(1).

Additionally, the court notes that this test requires a controlling question "of law," not a controlling question of fact.  28 U.S.C. § 1292(b).  While questions

5

of personal jurisdiction often involve a fact-intensive inquiry, the question raised by Defendants focuses on the interaction between two relevant precedential opinions: *Burger King Corp.* and *Calphalon*. (*See* ECF No. 25, PageID.1053-54). While the parties' recent pleadings dispute a small number of facts, including whether Defendants ever remitted payment to Plaintiff's offices in Michigan, they are not necessary to determine whether the purposeful availment prong has been satisfied. Likewise, the court is "of the opinion that such order [would involve] a controlling question of law" and this requirement is met. 28 U.S.C. § 1292(b).

      B.      <u>Substantial Ground for Difference of Opinion</u>

To determine whether a "substantial ground for a difference of opinion" exists as to the issues raised in an interlocutory appeal, a court must look to whether: "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *Newsome*, 873 F. Supp. 2d at 876-77 (citations omitted).

The key question addressed both in Defendants' motion to dismiss and the present motion is whether the individual corporations "purposefully availed themselves of the privilege of doing business in Michigan." *Id.*, PageID.1052

(citing *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). Defendants argue that, following the Sixth Circuit's reasoning in *Calphalon*, "the commercial dealings between Defendants and Michigan arising out of the License Agreement are insufficient to support purposeful availment." (ECF No. 25, PageID.1055). This court's order, however, relied more heavily on the reasoning from the Supreme Court's opinion in *Burger King*, finding that: (1) "the contracts at issue in both cases created 'long-term and exacting regulation[s]' on the defendant companies;" and (2) "plaintiffs in both cases suffered foreseeable injuries as a result of the alleged breach of the contracts at issue." (ECF No. 22, PageID.1001). This court's order further noted that:

> Defendant argues that the Sixth Circuit's decision in *Calphalon Corp. v. Rowlette* requires this court to find a lack of personal jurisdiction. However, a number of courts have found that *Calphalon* is "irreconcilable with controlling Supreme Court precedent," namely *Burger King. See Knowledge Based Sols., Inc. v. Dijk*, No. 16-CV-13041, 2017 WL 3913129, at *7 (E.D. Mich. Sept. 7, 2017); *August v. Manley Toys, Ltd.*, 68 F. Supp. 3d 722, 731 (E.D. Mich. 2014); *Frankenmuth Mut. Ins. Co. v. Appalachian Underwriters, Inc.*, No. 03-10193-BC, 2004 WL 1406121, at *8 (E.D. Mich. June 21, 2004). While *Calphalon* provides some guidance, the court relies more heavily on the Supreme Court's decision in *Burger King*, which supports a finding of personal jurisdiction under the specific facts of this case.

*Id.*, PageID.1005. Defendants now argue that "there is a substantial difference of opinion as to whether the facts of this case fall closer to *Burger King* or *Calphalon*." (ECF No. 25, PageID.1056).

In *Frankenmuth Mut. Ins. Co.*, District Judge David M. Lawson explained the inconsistencies between the Sixth Circuit's decision in *Calphalon* and the Supreme Court's decision in *Burger King* as follows:

> In both cases, a national organization entered into an affiliation relationship with a representative in another state. There were no unique or geographically significant features that were apparent from the manufacturer's or franchisor's choice of the forum state as business headquarters in either case. The representatives in each case entered into a contractual relationship that contemplated regular dealings with the main organization at its headquarters over an extended period of time. Both contracts contained choice-of-law provisions denominating the law of the forum state as the rules of decision governing disputes. Nonetheless, the *Calphalon* court found that the defendant's contacts with Ohio were fortuitous and attenuated, while the Court in *Burger King* held exactly the opposite.

*Frankenmuth Mut. Ins. Co.*, 2004 WL 1406121, at *9. This case involves many of the same considerations, including a contractual relationship between the Defendant corporations and Plaintiff; a contract which contains a number of ongoing requirements, including the payment of royalty fees to Plaintiff; and a clear choice of law provision. (ECF No. 22, PageID.993-94). Likewise, any resolution of the personal jurisdiction question in this case requires a court to engage with both *Calphalon* and *Burger King* and the potential discrepancies

8

between the two. Because a number of courts in this circuit have questioned whether *Calphalon*'s holding can be reconciled with *Burger King*'s, "a difference of opinion exists within the controlling circuit," and this case meets the second prong of the test. 28 U.S.C. § 1292(b).

    C.    <u>Appeal Would Materially Advance the Ultimate Termination of the Litigation</u>

Finally, the court must address whether an interlocutory appeal at this stage in the proceedings would "materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). An appeal "materially advances the litigation" when it "save[s] judicial resources and litigant expense." *Newsome*, 873 F. Supp. 2d at 878 (citing *West Tenn. Chapter of Associated Builders and Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 872, 878 (E.D. Mich. 2012)). "The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." *Id.* (citing *City of Dearborn v. Comcast of Michigan III, Inc.*, No. 08-10156, 2008 WL 5084203, at *1 (E.D. Mich. Nov. 24, 2008) (quoting *Philip Morris Inc. v. Harshbarger*, 957 F. Supp. 327, 330 (D. Mass. 1997))).

As addressed above, a finding that the court lacks personal jurisdiction would materially affect the outcome of the case, resulting in dismissal.

Additionally, a ruling on personal jurisdiction could possibly resolve the entire case without the related expenses of litigation involving numerous foreign entities. At this stage, there has been minimal discovery completed, as the parties do not yet have a scheduling order setting the required dates and deadlines. Allowing an interlocutory appeal at this time would "promote judicial economy by settling [this] highly contested question[] before – potentially needlessly – occupying the Court's and parties' time and attention." *Newsome*, 873 F. Supp. 2d at 876. As such, the third prong of the test is also satisfied.

**IV.  REQUEST TO STAY PROCEEDINGS**

Defendants' motion also requests that, in the event this court certifies the relevant order for interlocutory appeal, the proceedings be stayed pending the outcome of the appeal. (ECF No. 25, PageID.1057). The certification of an order for interlocutory review does not automatically stay district court proceedings. *See* 28 U.S.C. § 1282(b) ("application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."). However, a district court generally has the "inherent authority to stay proceedings pending resolution of the certified issues on appeal." *MRP Properties Co., LLC v. United States*, 607 F. Supp. 3d 747, 753 (E.D. Mich. 2022) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). To

determine whether a stay is appropriate, district courts utilize similar factors as are used to determine a preliminary injunction: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Id*. (citing *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) ("These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together.")). Defendants did not directly address these factors in their motion to certify for interlocutory appeal (ECF No. 25), but did so in their motion to stay litigation pending certification (ECF No. 26). The court will, therefore, utilize their arguments from that motion, as well as take into consideration any differences that may inherently arise given the nature of the two motions.

Because it may be more difficult to prove a high likelihood of success on the merits at this stage of the proceedings, "the test contemplates that a movant may be granted relief even if it demonstrates something less than a likelihood of success on the merits of its appeal." *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 640 (S.D.N.Y. 2012). To satisfy this factor "[m]ore than a possibility of success must be shown, including, at a minimum, "serious questions going to the

11

merits." *Grutter v. Bollinger*, 247 F.3d 631, 633 (6th Cir. 2001). "[T]he stay may be granted if the balance of hardships 'tips decidedly' in favor of the moving party." *Sutherland*, 856 F. Supp. 2d at 640.

As discussed above, Defendants' success on the merits of their appeal depends on the Sixth Circuit's determination of the compatibility of *Calphalon* and *Burger King*. If the Sixth Circuit finds that *Calphalon* can be reconciled with *Burger King*, and the facts of this case align more with *Calphalon*, Defendants are likely to succeed on the merits of their claim. However, if the Sixth Circuit determines either that *Calphalon* is incompatible with *Burger King* or that the facts of this case align more with *Burger King*, the court's decision will likely be upheld. While the court cannot be sure which decision the Sixth Circuit will make, this appeal certainly raises a "serious question" going to the merits. *Grutter*, 247 F.3d at 633. Additionally, the court agrees that Defendants have shown "more than a mere possibility of success." *Id.*

In considering the likelihood that the Defendants will be irreparably harmed absent a stay, "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim

of irreparable harm." *Mich. Coal. of Radioactive Material Users, Inc.*, 945 F.2d at 154 (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quoting *Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958))). In their motion to stay, (ECF No. 26), Defendants argue:

> Requiring the SFC Entities to litigate this matter through discovery despite the Court ultimately being found not to have personal jurisdiction would unfairly require the SFC Entities to expend enormous sums in attorneys' fees and spend management time on this matter, eliminating the protections of due process. Rushing headlong into initial disclosures under Rule 26(a) from the six SFC Entities will require working with multiple personnel abroad, and coordinating collection of documents, all while the Court is considering the motion to certify. See, e.g., *Meyers v. Cincinnati Bd. of Educ.*, 2019 U.S. Dist. LEXIS 17979, *8-9, (S.D. Ohio February 5, 2019) (Board of Ed. defendants would be irreparably harmed by being forced to litigate and conduct discovery while their immunity is on appeal).

(ECF No. 26, PageID.1067). Defendants have not argued, nor is it likely they would be able to argue, they would suffer any more irreparable harm than the ordinary cost of litigation.[1] Likewise, this factor weighs heavily against granting a stay.

---

[1] Defendants' alleged harm can be contrasted with the Sixth Circuit's decision to stay pending appeal in *Grutter v. Bolinger*. In *Grutter*, the court noted that the absence of a stay would require the Defendants "[t]o create a new admissions policy in compliance with the injunction" which would take a significant amount of time and delay the final decisions on applicants. *Grutter*, 247 F.3d at 633. "As a result, applicants are likely to accept admissions at other schools, thus diminishing the University's ability to compete with other selective law schools for highly qualified applicants." *Id.* The court found this harm "cannot be undone and therefore is irreparable. *Id.* Nothing alleged in this case rises to the same level.

The final two factors, the prospect of harm to others and the public interest, weigh slightly in favor of granting a stay. Plaintiff argues they would be harmed because a stay would "unnecessarily hinder CSA's efforts to enforce the License Agreements" and raised concerns about witnesses' memories fading or factual information becoming harder to recover with the passage of time. (ECF No. 29, PageID.1096). While it is not likely that a stay would last long enough to dramatically impact witnesses' memories or the ability to recover relevant documents, a stay followed by an affirmation of this court's initial decision could arguably result in a needless delay in Plaintiff's ability to enforce their agreements. Additionally, as this case involves a dispute between two companies, it is unlikely that any members of the public would be impacted by the granting of a stay or that the public interest would be harmed.

Weighing all four of the above factors, Defendants have not met their burden to show a stay is necessary in this case. Specifically, Defendants have alleged no irreparable harm outside of the ordinary costs of litigation, including money and time spent completing discovery; a factor that weighs heavily against the granting of a stay. Likewise, Defendants' request for a stay pending appeal is **DENIED**.


## V. CONCLUSION

Defendants have sufficiently demonstrated that the contested question of personal jurisdiction, involving the interaction between *Calphalon* and *Burger King*, (1) involves a controlling question of law, (2) to which there is substantial ground for difference of opinion, and (3) that an immediate appeal from the order will materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). For these reasons, the court **CERTIFIES** the June 13, 2023 order for interlocutory appeal and Defendants' motion (ECF No. 25) is **GRANTED.**

However, because Defendants have failed to meet the required standard, the court **DENIES** their request for a stay pending appeal. The parties will be required to comply with any future scheduling orders to be issued by the court. Additionally, given the issuance of this order, Defendants' motion to stay the proceedings pending its determination (ECF No. 26) is **DENIED AS MOOT.**

**SO ORDERED**.

Date: October 16, 2023                          s/ F. Kay Behm
                                                F. Kay Behm
                                                United States District Judge